UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANE MICHAEL OENNING,<br><br>　　　　Petitioner,<br><br>　v.<br><br>KAMALA HARRIS, Attorney General of California,<br><br>　　　　Respondent. | Case No.  14-cv-02781-BLF<br><br>**ORDER VACATING HEARING; AND GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　Shane Michael Oenning has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his misdemeanor conviction for violation of California Vehicle Code § 23152(b) (driving with a .08 or greater blood alcohol concentration).  Petitioner asserts a single claim alleging that the blood alcohol evidence was obtained by a warrantless blood draw in violation of the Fourth and Fourteenth Amendments to the United States Constitution (hereinafter "Fourth Amendment claim").[1]

　　　　Before the Court at this time is Respondent's motion to dismiss the petition, filed on December 12, 2014 and noticed for hearing on January 29, 2015.  Having considered the opposition filed December 24, 2014 and the reply filed January 2, 2015, the Court concludes that the motion is appropriate for disposition without oral argument.  Accordingly, the hearing is hereby VACATED.  The motion is GRANTED for the reasons discussed below.

---

[1] "The Fourth Amendment, binding on the States by the Fourteenth Amendment, provides that [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  *Maryland v. King*, 133 S. Ct. 1958, 1968 (2013) (internal quotation marks omitted) (alteration in original).

## I. BACKGROUND

Petitioner alleges the following facts. He was convicted in the San Mateo County Superior Court following a no contest plea to violation of California Vehicle Code § 23152(b). Pet. ¶¶ 1-2, ECF 1. Prior to entering that plea, Petitioner filed a motion to suppress under California Penal Code § 1538.5 on the asserted ground that the blood alcohol evidence was obtained without a warrant in violation of the Fourth and Fourteenth Amendments. *Id.* ¶ 2. The trial court held an evidentiary hearing and denied the motion to suppress. *Id.* ¶ 3. Petitioner's appeal was heard by the San Mateo County Superior Court Appellate Division, which obtained briefing, heard oral argument, and then affirmed the conviction without a written decision. *Id.* ¶¶ 4-6. Petitioner's request that the case be certified to the California Court of Appeal was denied. *Id.* ¶ 8.

In January 2014, Petitioner filed a federal habeas petition that was assigned to another judge in this district. *Id.* ¶ 10; *see also Oenning v. Harris*, Case No. 4:14-cv-00263-YGR. That petition was dismissed without prejudice for failure to exhaust state remedies on the basis that Petitioner had failed to seek habeas relief from the California Supreme Court. *Id.* Petitioner subsequently filed a habeas petition in the California Supreme Court, which was summarily denied with a citation to *In re Lessard*, 62 Cal. 2d 497, 503 (1965). Pet. ¶ 11, ECF 1.

Petitioner thereafter filed the present petition on June 16, 2014, at which time it was assigned to a magistrate judge in this district. *See* ECF 1-6. Petitioner alleged that he was out of custody but confined by reason of being on probation in San Mateo County; expressed his expectation that the superior court soon would lift its stay of Petitioner's thirty-day jail sentence; and requested that the district court stay that sentence. Pet. ¶ 1 and p. 6. On August 21, 2014, the case was reassigned to the undersigned judge. Order Reassigning Case, ECF 8. It is not clear from the record whether the superior court lifted the stay following the filing of the present petition, whether Petitioner has served the thirty-day sentence, or whether he remains on probation.[2]

---

[2] The petition would not be mooted by Petitioner's completion of probation. *See Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (federal habeas petition challenging misdemeanor conviction was not moot because "[o]nce convicted, one remains forever subject to the prospect of harsher punishment for a subsequent offense as a result of federal and state laws that either already

## II. DISCUSSION

Respondent seeks dismissal of the petition on the grounds that (1) the Fourth Amendment claim is not cognizable and (2) the claim is procedurally defaulted.

"A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) (citing *Stone v. Powell*, 428 U.S. 465, 481-82 (1976)). The Ninth Circuit has held expressly that California's suppression procedures, set forth in California Penal Code § 1538.5, provide an adequate opportunity to litigate a Fourth Amendment claim. *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). Petitioner's own allegations make clear that he moved to suppress under § 1538.5; received an evidentiary hearing on that motion prior to its denial; and upon appeal of that denial, was afforded an opportunity to brief the issue and present oral argument. Pet. ¶¶ 4-6. As a result, his Fourth Amendment claim is not cognizable here.

Petitioner argues that he was not afforded a full and fair opportunity to litigate his Fourth Amendment claim in state court because the trial court ruled on his motion to suppress prior to the Supreme Court's decision in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), and the Superior Court Appellate Division improperly failed to apply *McNeely* when it denied his appeal. In *McNeely*, the Supreme Court held that the natural metabolism of alcohol in the bloodstream does not present a *per se* exigency sufficient to justify an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk driving cases. *Id.* at 1556. The Supreme Court held that, "consistent with general Fourth Amendment principles . . . exigency in this context must be determined case by case based on the totality of the circumstances." *Id.* According to Petitioner, had *McNeely* been applied, his appeal would have been granted, the blood alcohol evidence would have been suppressed, and he would not have been convicted. Even assuming (without deciding) for purposes of argument that application of *McNeely* would have changed the outcome of Petitioner's case, Petitioner's Fourth Amendment claim is not cognizable. The Ninth Circuit has stated unequivocally that "[t]he relevant inquiry is *whether petitioner had*

---

have been or may eventually be passed.") (internal quotation marks and citation omitted) (alteration in original).

*the opportunity to litigate his claim*, not whether he did in fact do so or *even whether the claim was correctly decided*." *Ortiz-Sandoval*, 81 F.3d at 899 (emphasis added); *see also Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993) ("We read *Stone* as a categorical limitation on the applicability of fourth amendment exclusionary rules in habeas corpus proceedings.").

Because there is no question that Petitioner's sole claim is not cognizable in federal habeas proceedings, the Court need not reach Respondent's alternative argument that the claim is procedurally defaulted.

### III.  CERTIFICATE OF APPEALABILITY

Petitioner has not shown that reasonable jurists would find the Court's assessment of his Fourth Amendment claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

### IV.  ORDER

For the reasons set forth above,

(1)  The hearing on Respondent's motion to dismiss is VACATED;

(2)  Respondent's motion to dismiss is GRANTED and the petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

(3)  A certificate of appealability is DENIED; and

(4)  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 16, 2015

_____
BETH LABSON FREEMAN
United States District Judge